[Civ. No. 3389. Third Appellate District.—December 24, 1927.]

ROSA L. RUTLEDGE, Respondent, v. GILBERT W. RUTLEDGE, Appellant.

Lorrin Andrews for Appellant.

Willis O. Tyler for Respondent.

PLUMMER, J.—Plaintiff had judgment in an action for divorce on the ground of desertion, and the defendant appeals.

It appears from the transcript that prior to the first day of September, 1923, the plaintiff had been occupying a certain residence constituting the community property belonging to the plaintiff and the defendant; that the defendant for some period of time had been occupying a garage situate on the same lot as the residence occupied by the plaintiff. It also appears that up until said date some litigation had been pending between the plaintiff and the defendant, and that the defendant had been enjoined from entering upon the residence occupied by the plaintiff. On the first day of September, 1923, the complaint alleges, the testimony in the transcript shows and the court found that the defendant went to the house occupied by the plaintiff, tore open the screen door, broke the fastening hook thereon, entered the building and room occupied by the plaintiff and removed from the front bedroom the furniture which the plaintiff was then and had theretofore been using in connection with her occupancy of the house referred

to. That at the same time the defendant disconnected the gas range that plaintiff had used while occupying said residence, removed the same from the house, and left plaintiff no means for preparing her meals, heating water, etc. That the defendant, in entering said house, did so with the intention then and there to abandon the plaintiff and force her from his company, etc. The court further found that the defendant did not return to said residence on the first day of September, 1923, for the purpose or with the intention of peaceably and properly occupying said home as his natural and lawful right. The court further found the existence of the community property of the value of about five thousand dollars described in the complaint. ■ The substance of the findings of the court is to the effect that the conduct of the defendant was such as to compel the plaintiff to leave the residence referred to, and that such conduct constituted desertion on the part of the defendant under the provisions of section 98 of the Civil Code.

The contention made upon this appeal is not so much that the evidence is insufficient to support the finding of the court that the defendant's conduct was such as to justify the plaintiff in leaving the residence referred to, but that there is no corroborating testimony. In the first place, attention may be called to the testimony of the plaintiff on cross-examination partly set out in the appellant's opening brief. After setting forth the acts of the defendant in relation to the defendant forcibly entering the house occupied by the plaintiff, and his acts and conduct toward her, the appellant's brief sets forth the following: "When asked if she left her home after this, she testified as follows: 'Possibly I might have stayed there after that, I guess, maybe 3 or 4 days. Nothing happened there all that time between Mr. Rutledge and me.'" Basing his argument upon this excerpt of the testimony, it is argued that the plaintiff shows thereby that she was not afraid of the defendant, and that nothing that he had done had put her in fear of any bodily injury or such as to induce in the mind of the plaintiff apprehension as to any·future misconduct on the part of the defendant. This excerpt from the testimony, however, whether intentionally or otherwise, omits the vital and significant portion thereof. The testimony of the plaintiff from

which this excerpt is lifted is as follows: "I was afraid of him when he first came to the door. After the police went away I went back to the house and I did stay there that night. Nothing happened because I got 'Yale' locks put on the door that afternoon so I could stay locked in there. I locked myself in the room. Possibly I might have stayed there after that, I guess, maybe 3 or 4 days. Nothing happened there all that time between Mr. Rutledge and me. He could not get to me. If he was in, I was locked up when he was there. I could not stay in the house all that time, because I could not stay shut up in one room all the time. That was the only room I had to be in, that one room." Comment is unnecessary. At the time the defendant forced his way into the premises occupied by the plaintiff, removed the plaintiff's belongings from the room that she had occupied, disconnected and took out the gas-stove used by the plaintiff and installed the stove used by himself and placed his own furniture in the bedroom from which he had removed the belongings of plaintiff, the defendant was assisted by two men who were called and examined and testified as to all of the acts testified to by the plaintiff, save and except as to the testimony of the plaintiff that defendant had seized her by the throat, which they did not see, and also pushed her over a slight railing. The defendant also testified upon the stand that at one time he did strike his wife; that his wife then drew a pistol upon him and he did not ever strike her after that. The defendant also testified: "I pushed her back; I just pushed her back; she kept trying to claw my eyes out; jumped on me like a tiger; I knew her point; I knew what she was up to; I just pushed her away. She caught hold of the banisters; stepped over; I think it was her dress being so narrow is what kind of threw her. She fell over; she fell down," etc. There was considerable testimony as to the screams of the plaintiff and the noise made, which is wholly immaterial and need not be further referred to. The defendant, in his testimony, denied his intent to separate himself from the plaintiff or to drive the plaintiff from the premises, but this denial of intended desertion on the part of the defendant is rebutted by the following significant fact: On the fifth day of September, 1923, after a four days' trip from South Carolina, a daughter of the defend-

ant by a different wife arrived in Los Angeles in response to a letter that she had received from the defendant notifying her to come to Los Angeles, as he intended to make a place for her in the house into which he entered on the first day of September, 1923. This conclusively shows that he intended to make a place for his daughter to keep house for him by forcibly ejecting the plaintiff therefrom. All of which sufficiently corroborates the testimony of the plaintiff as to the acts and conduct of the defendant. Such conduct brings this case also within the terms of section 104 of the Civil Code. We think the finding of the court that the plaintiff reasonably apprehended danger from the hands of the defendant, sufficiently sustained, and that the defendant's conduct justified the plaintiff in leaving and remaining away from the premises referred to, and that such conduct on the part of the defendant constituted, in law, desertion.

Appellant also urges that the trial court erred herein in its interlocutory decree, and that, in fact, no interlocutory decree has been entered. The language used by the court is as follows: "That an interlocutory decree of divorce should be granted the plaintiff, Rosa L. Rutledge, from the defendant, upon the grounds of desertion." Section 131 of the Civil Code reads: " . . . If it determines that the divorce should be granted, an interlocutory judgment must be entered declaring that the party in whose favor the court decides, is entitled to a divorce." While the language used by the trial court in its interlocutory decree does not follow the literal wording of section 131 of the Civil Code, we think it sufficiently definite to all intents and purposes to constitute an interlocutory decree establishing the right of the plaintiff to a divorce. No complaint is made as to that part of the decree settling the property rights of the parties to this action.

There appearing no reason why a new trial should be granted herein, the judgment is affirmed.

Finch, P. J., and Hart, J., concurred.